UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

PETER LOVELAND, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

TRANSWORLD SYSTEMS, INC.,

    Defendant.

Case No.: 17-cv-44

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Peter Loveland is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him debts allegedly incurred for personal, family or household purposes.

5. Defendant TransWorld Systems, Inc. ("TransWorld") is a California corporation with its principal place of business located at 2235 Mercury Way, Suite 275, Santa Rosa, California 95407.

6. TransWorld is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. TransWorld is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. TransWorld is a "debt collector" as defined in 15 U.S.C. § 1692a.

## FACTS

8. Plaintiff entered into one or more consumer transactions with "Cigno Family Dental" ("Cigno") or an affiliate or predecessor corporation.

9. Each consumer transaction was incurred for personal medical services.

10. Further, each consumer transaction involved agreements to render services and defer payment. Plaintiff was not expected to pay at the time medical services were rendered, but was billed at a later date.

11. On or about July 5, 2016, TransWorld mailed a debt collection letter to Plaintiff regarding an alleged debt owed to CIGNO. A copy of this letter is attached as Exhibit A. Exhibit A is dated "07/04/16," but there was no mail service on July 4, 2016.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Exhibit A includes the following text:

> We have previously notified you about the above-referenced account(s) which remain(s) unpaid. A credit reporting agency has indicated that an inquiry has been made on your credit report. We hope that you are now in a better position to pay the above account(s).

14. The language in the preceding paragraph stating that "an inquiry has been made on your credit report" is false and inherently misleading to the unsophisticated consumer.

15. Plaintiff did, and the unsophisticated consumer would, interpret the statement above as meaning that TransWorld or Cigno had reviewed, or "made an inquiry on" Plaintiff's credit "report."

16. A review of Plaintiff's credit reports from the three major credit reporting agencies ("CRAs"), TransUnion, Equifax and Experian, show that neither TransWorld nor Cigno made any type of "inquiry" on Plaintiff's "credit report" in the two year period prior to January 6, 2017.

17. Moreover, the statement about a credit "inquiry" would deceive the consumer into believing that TransWorld was taking an action to harm Plaintiff's creditworthiness.

18. Even if TransWorld or Cigno had made an inquiry, such an inquiry would have no effect on Plaintiff's creditworthiness.

19. According to Fair Isaac Corp. ("FICO"):

> As far as your FICO® score is concerned, credit inquiries are classified as either "hard inquiries" or "soft inquiries" – only hard inquiries have an affect (*sic*) on your FICO score.
>
> Soft inquiries are all credit inquiries where your credit is NOT being reviewed by a prospective lender. These include inquiries where you're checking your own credit (such as checking your score in myFICO), credit checks made by businesses to offer you goods or services (such as promotional offers by credit card companies), or inquiries made by businesses with whom you already have a credit account.
>
> Hard inquiries are inquiries where a potential lender is reviewing your credit because you've applied for credit with them. These include credit checks when you've applied for an auto loan, mortgage or credit card. Each of these types of credit checks count as a single inquiry.

*Available at* http://www.myfico.com/credit-education/questions/how-do-inquiries-impact-credit-scores/.

20. Plaintiff has not sought an extension of credit from Cigno or TransWorld. TransWorld is collecting a dental bill.

21. If TransWorld or Cigno had made an inquiry, it would be a soft inquiry and would not affect Plaintiff's creditworthiness or FICO score at all.

22. The only purpose of the "inquiry" language is to deceive consumers into believing that TransWorld or Cigno had taken an action that would negatively impact the recipient's creditworthiness.

23. Also, Exhibit A lists a "CURRENT BALANCE DUE" of $349.18.

24. Exhibit A also includes the text: "This Balance is a Sum of Balances from 1 Account(s)."

25. The language in the preceding paragraph is inherently confusing and ambiguous. It could have any number of meanings, including meanings that imply that the "current balance due" is not actually the current balance due.

26. Plaintiff was confused by Exhibit A. He believed that the language at issue in this action meant that TransWorld had or would act to harm Plaintiff's credit.

27. The unsophisticated consumer would be confused by the language in Exhibit A.

28. Plaintiff had to spend time and money investigating Exhibit A.

29. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

30. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016)

4

(rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## **COUNT I -- FDCPA**

32.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

5

33. The language in Exhibit A, "an inquiry has been made on your credit report," is false, misleading and confusing to the unsophisticated consumer.

34. The language in Exhibit A, "an inquiry has been made on your credit report," falsely and misleadingly states and implies that TransWorld had taken action to harm Plaintiff's creditworthiness.

35. In fact, TransWorld had not made an inquiry on Plaintiff's credit file.

36. Moreover, as Plaintiff had not sought an extension of credit from TransWorld or Cigno, TransWorld could only initiate a "soft inquiry" which would have no effect on Plaintiff's credit score.

37. TransWorld violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10).

## COUNT II – FDCPA

38. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

39. The language in Exhibit A, "This Balance is a Sum of Balances from 1 Account(s)," is confusing to the unsophisticated consumer, in that it renders unclear whether the "current balance due" is actually the balance.

40. TransWorld violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10).

## CLASS ALLEGATIONS

41. Plaintiffs bring this action on behalf of the following class: (a) all natural persons in the State of Wisconsin (b) to whom defendant TransWorld sent a collection letter in the form of Exhibit A to the Complaint in this action, (c) seeking to collect one or more debts incurred for medical services (d) on or after January 11, 2016, up to and including January 11, 2017, (f) that was not returned by the postal service.

6

42. Each Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

43. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

44. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

46. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

47. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 11, 2017

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin

        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Denise L. Morris (SBN 1097911)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        dmorris@ademilaw.com